# BALTIMORE CITY COURT.

Filed June 4, 1921.

IN THE MATTER OF THE APPEAL OF THE STEWART DISTILLING COMPANY OF BALTIMORE COUNTY FROM THE STATE TAX COMMISSION.

*Edward M. Hammond* for Stewart Distilling Company.

*J. Purdon Wright*, Assistant Attorney General, for the State Tax Commission.

**DAWKINS, J.—**

The subject-matter of this appeal is whiskey, owned by the holders of negotiable certificates (the said holders being unknown to the Distilling Company), upon which the State Tax Commission has assessed a tax under Article 81, Sections 218-228, inclusive, of the Code of General Laws of Maryland.

The Eighteenth Amendment to the Constitution of the United States and the Act of Congress in pursuance thereof prevent the withdrawal from warehouses and distilleries of whiskey except upon the permit of the Commissioner of Internal Revenue of the United States.

On the 27th of January, 1921, and on the 1st day of February, 1921, the said Commissioner prohibited the withdrawal of whiskey for any purpose in Maryland.

It is contended by the appellant that the State Tax Commission in assessing said taxes is in error because it is a taking of property without due process of law as guaranteed under the Fourteenth Amendment of the Constitution of the United States, which provides in Section 1:

"All persons born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty or property without due process of law nor deny to any person within its jurisdiction the equal protection of the laws," because it has the effect of compelling one to pay taxes on property belonging to another without being able to be reimbursed through any means that the State can give, thus depriving one of the equal protection of the laws, and, further, because it violates Articles 15 and 23 of the Declaration of Rights of Maryland, in that it requires one person to pay taxes due by another without any means by which he can reimburse himself.

The difficulty that the court has had in reaching a conclusion is that the State should be protected in its right to enforce the payment of all proper taxes, since very few very willingly pay such charges, while at the same time the individual should not have his property taken for the purpose of paying charges really due by a third party without the apparent ready remedy of reimbursing himself. To uphold the contention of the appellant it means in effect striking down a taxing law of the State which has been declared valid by the Court of Appeals of Maryland.

The sections of the law above mentioned provide that "there shall be levied and collected upon all distilled spirits in this State as personal property the same rate of taxation which is imposed by the laws of the State on other property for State and county purposes" (Article 81, Section 218), and the following sections provide for enforcement of the tax against the distillery and that such distillery shall not allow it to go from its control without payment of taxes, and the warehouseman is given a lien for any taxes paid by him.

The Court of Appeals in 90 Md. 416, Monticello Distilling Co. vs. The Mayor and City Council of Baltimore, says:

"As the distiller or the warehouseman is the individual through and from whom the title passes to others by means of certificates which he, and he alone, issues, it is no hardship to require him to pay the tax upon all spirits in his possession, reserving to him a lien for his advances; nor is it an unreasonable or an unlawful legislative requirement. It is no hardship because it is always in the distiller's or the warehouseman's power to immediately reimburse himself the taxes advanced for the unknown owner, and he may do this by selling enough of that owner's spirits for the purpose—the statute gives him that right—and the purchaser of the warehouse certificate is chargeable with knowledge of what the statute provides.

The distiller or the warehouseman may enforce his lien as soon as he pays

the tax due by the owner, and he is under no obligation or necessity to delay longer than his own wishes or convenience may suggest or dictate. The requirement that the distiller shall pay the tax for the owner is neither unreasonable nor unlawful, because it simply makes him the agent of the State to collect for the State precisely as a corporation is made an agent to collect from its stockholders the tax due by them on the stock which they hold."

Numerous other cases have declared valid this and similar statutes.

The whole reasoning of this case seems to rest upon the view that the warehouseman is the only one who can enforce his lien and immediately get back his money paid for the owner. Since this law was enacted and the Appellate Court has so declared and the Eighteenth Amendment to the Constitution of the United States has been adopted and what is known as the Volstead Act has been enacted into law, the effect of this amendment and legislation has been to stop the sale of intoxicating liquors, except for medicinal purposes. The orders already mentioned forbid the withdrawal of whiskey for any purposes as follows:

January 27, 1921.

To all owners of Distillery and
General Bonded Warehouses:

You are hereby notified not to honor any 1410's presented to you for the withdrawal of whiskey and purporting to be issued by the Directors of the following States, * * * Maryland * * *.

Our Directors are approving no applications for withdrawals of whiskey, etc.

JOHN F. KRAMER,
Prohibition Commissioner.

Approved January 27, 1921.

WM. H. WILLIAMS,
Commissioner of Internal Revenue.

The order of February 1, 1921, confirms the above.

These latter orders may be temporary in their character, although they are absolute and final on their face; but suppose they continue in effect for an indefinite period so that there would be no legal way for the whiskey to be disposed of no matter what financial stress the appellant might be under. Certainly the warehouseman cannot "immediately reimburse himself the taxes advanced for the unknown owner" by selling enough of that owner's spirits for the purpose. The warehouseman cannot collect from the holder of the receipt for said owner is not known to him.

The payment of such taxes under such restrictive conditions might last for a long enough period to make the taxes more than equal the value of any of the spirits. The warehouseman cannot get rid of the spirits no matter what his necessity for the use of the money advanced might be. The article in question has no ascertainable value. So the appellant would be brought to the situation that so far as this record discloses neither the owner nor the warehouseman can make any disposition of the whiskey. Neither would hold it if he could get rid of it under the law. Yet the state would come in and arbitrarily fix a tax upon and collect it from the one who holds it, although he cannot dispose of it practically with the business broken up through no fault of his own. When the statute here invoked was declared operative there was no prohibitive measures to prevent the free trade in liquor. No one could better collect the taxes than the warehouseman, but since that time the whole plan of trade in the article discussed has changed. In such a condition it does not seem that the statute is fairly enforceable at this time. The Federal Constitution and the Act of Congress dealing with this situation as outlined certainly renders the State unable to enforce its statute unless all the guarantees under the National Constitution and the Maryland Bill of Rights are to be ignored.

State vs. Yewell, 63 Maryland 120, decides that when there are two acts on the same subject that are repugnant the latter act operates to the extent of the repugnancy.

The case of Ulman vs. State, referred to at the hearing, only decides that a man cannot comply with the requirements of the Federal law and relieve himself of the necessity of having a license to sell liquor in Maryland, which is entirely a different question to the one here presented.

Only recently notice has been given that the last day upon which wholesalers of liquors, other than wholesale druggists, could dispose of their stock of liquor to retail dealers has passed.

An analogous proposition is the collecting of detached coupons on bonds which have passed to another not known to the holder of the bonds. The holder of the bonds cannot be required to pay the taxes levied upon the coupons. It undertakes to impose upon one by law another's burden. 102 U. S. 684, Hartman vs. Greenhow.

The conclusion therefore is that one person should not be required to pay taxes for another unless he can have the means of making the person for whom the payment is made immediately reimburse him. This upon the facts and the law as presented in this cannot be given.

As this cannot be the appellant would be denied the protection guaranteed by the law of the land. If the appellee's contention is correct it would place the appellant in a most disadvantageous position as compared to other taxpayers, through no fault of his own.

For the reasons given the law under which the Commission has imposed the tax is inoperative, therefore, the finding of the Commission is reversed.